JUDGE DANIELS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Allen Murdough,<br><br>            Plaintiff,<br><br>-against-<br><br>Roger Moo Young, Undercover C0263, and Victor Cardona,<br><br>            Defendants | 15 CV 02765<br><br>ECF CASE<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>RECEIVED<br>APR 09 2015<br>U.S.D.C. S.D. N.Y.<br>CASHIERS |

## PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the defendants' commissions of acts under color of law in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution.

## JURISDICTION

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that, *inter alia*, the events giving rise to the claim occurred in the Southern District of New York.

## JURY DEMAND

5. The plaintiff demands a trial by jury on each and every one of his claims as

pled herein.

## PARTIES

6. Plaintiff Allen Murdough is a resident of the State of New York.

7. At all relevant times herein, defendants Roger Moo Young, Undercover C0263 ("UC C0263") and Victor Cardona were employed by the New York City Police Department ("NYPD") and were each acting in the capacity of agent, servant, and employee of the City of New York (the "City").

8. At all times relevant herein, defendant Roger Moo Young ("Officer Moo Young") held the rank of police officer and had shield number 3281.

9. At all times relevant herein, defendant Victor Cardona ("Detective Cardona") held the rank of detective and had shield number 446.

10. At all times relevant herein, the defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City and incidental to the lawful pursuit of their duties as officers, employees and agents of the City.

11. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

12. At approximately 6:40 in the afternoon of October 29, 2013, plaintiff Allen

Murdough was legally on West 114th Street between Frederick Douglass and Adam Clayton Powell, Jr. Boulevards when he was approached by two NYPD officers, on information and belief defendants herein, who directed him to the vicinity 237 West 114th Street.

13. The officers then arrested Mr. Murdough and placed him in a NYPD prisoner van.

14. Mr. Murdough was eventually brought in the van to an NYPD precinct.

15. At the precinct, Mr. Murdough was subjected to an humiliating and degrading strip search.

16. Mr. Murdough was eventually taken to Central Booking in lower Manhattan.

17. After a day in police custody, on October 30, 2013, Mr. Murdough was arraigned on a felony complaint (the "Felony Complaint") charging him with one count of Criminal Sale of a Controlled Substance in the Third Degree (New York Penal Law § 220.39(1)), a class "B" felony.

18. The Felony Complaint alleged that on March 22, 2013, *more than seven months prior to his arrest*, Mr. Murdough handed UC C0263 crack cocaine in exchange for money.

19. Mr. Murdough did not hand UC C0263 crack cocaine as alleged.

20. On May 12, 2014, after three court dates, the New York County District Attorney's office moved to dismiss the case against Mr. Murdough. The application was granted and the case was dismissed and sealed.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C.§ 1983

21. All other paragraphs herein are incorporated by reference as though fully set forth.

22. The aforementioned acts deprived the plaintiff of the rights, privileges and immunities guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

23. The acts complained of were carried out by the defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

24. The acts complained of were carried out by the defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City and the NYPD, all under the supervision of ranking officers of said department.

25. The defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

26. The defendants' conduct was the proximate cause of the injuries and damages sustained by the plaintiff.

### SECOND CAUSE OF ACTION
### False Arrest under 42 U.S.C. § 1983

27. All other paragraphs herein are incorporated by reference as though fully set

forth.

28. By intentionally confining, arresting, imprisoning and detaining the plaintiff without probable cause, privilege or consent, the defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable seizures, false arrest and imprisonment.

### THIRD CAUSE OF ACTION
### Malicious Prosecution under 42 U.S.C. § 1983

29. All other paragraphs herein are incorporated by reference as though fully set forth.

30. In initiating the criminal proceedings against the plaintiff with malice and without probable cause to believe the proceeding, which were terminated in the plaintiff's favor, could succeed, the defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from malicious prosecution.

WHEREFORE, the plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to the plaintiff against the defendants, jointly and severally;

3. Award the plaintiff reasonable costs, disbursements and attorneys fees; and

4. Grant any other relief the Court deems appropriate.

Dated: New York, New York
       March 12, 2015

                Respectfully submitted,

                Darius Wadia, L.L.C.

                _____
                By:  Darius Wadia (Bar number DW8679)
                *Attorney for the Plaintiff*
                186 Joralemon Street, Suite 1202
                Brooklyn, New York   11201
                (212) 233-1212
                dwadia@wadialaw.com